IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TREMAYNE WENDELL CARROLL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:12CV1176 |
| MR. KINGSLEY DOSIER, et al., | ) ) | |
| Defendant(s). | ) | |

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. Plaintiff lists Assistant Randolph County District Attorney Kingsley Dosier, the North Carolina State "Beau"[1] of Investigation, and Detective McKinsy of the Asheboro Police Department as Defendants. (Docket Entry 2, § IV(B).) He claims that they are all part of a wide-ranging conspiracy to harass him, prosecute him falsely for sexual offenses, and kill him. The nature of the Defendants and the claims against them make it impossible to further process the Complaint as presented.

Turning first to the State Bureau of Investigation, it is a state agency, not a person, and, therefore, not amenable to suit under § 1983. <u>Will v. Michigan Dept. of State Police</u>,

---

[1] The Court assumes that Plaintiff means "Bureau."

491 U.S. 58, 71 (1989). For that reason, Plaintiff does not state a proper claim against the State Bureau of Investigation. Plaintiff could potentially remedy this deficiency by naming the official in charge of the State Bureau of Investigation as a Defendant in his or her official capacity.[2] However, the Eleventh Amendment to the United States Constitution would limit any relief to a prospective injunction to remedy an ongoing violation of federal law. McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010). Plaintiff does request certain forms of injunctive relief in his Complaint. However, as discussed in further detail below, most are not even potentially viable requests. The only potentially viable request, a request for release that cannot be brought under § 1983, would not be directed to the State Bureau of Investigation or its head.

Plaintiff's allegations against Detective McKinsy also bear only brief discussion. Plaintiff alleges that, between August 20, 2010 and April 2, 2011, McKinsy "committed perjury on the stand numerous times. About the Date of the D.N.A Evidence, the D.N.A. Evidence was completed prior to August 20, 2010, because the D.N.A Evidence showed no connection to the victim to say a sexual assault took place." (Docket Entry 2, § V.) His only other mentions of Defendant McKinsy in the factual portions of the Complaint are that he told a judge that McKinsy was conspiring with Defendant Dosier to falsify medical reports and that McKinsey testified in April of 2011 that she "spoke to one of the scientist [sic]" at the State Bureau of Investigation who performed DNA testing. (Id.) Plaintiff's allegations

---

[2] There is no indication of any facts that could support an individual capacity suit against that official.

against McKinsy are unclear overall and, to the extent that they can be understood, are conclusory. It is not apparent from the complaint exactly what McKinsey is alleged to have perjured herself about or why speaking to a scientist would violate Plaintiff's federal constitutional or statutory rights. Plaintiff must be more specific and clear with his allegations in order to state a claim for relief.

Plaintiff's complaint focuses more on Defendant Dosier than the other Defendants. He alleges that Dosier continued Plaintiff's state court criminal trial without reason, convinced officers with the Asheboro Police Department and local Sheriff's office "to do [Plaintiff] harm or kill [him]" for complaining about racial profiling in Randolph County, and intends to hold him in jail for life even though he knows another person committed the crimes of which Plaintiff is accused. (Id.) He also appears to implicate Defendant Dosier in one or more plots to have him killed because he is innocent. Plaintiff states:

> First I heard a message saying if I come into the Randolph County Court House I would be killed in the courtroom. Second someone called to the Jail from the D.A. office & states to that someone will make my bond & kill me in the Parking Lot of the Randolph County Jails parking Lot. I believe my current Attorney, Mr. Richard Roose intervened after a call from a Capt or Lt from the Randolph County Jail. Correctional Officers (not all) agreed to me being murdered for being innocent because the D.A. King Dosier lied about fact in my case. I give a Correctional Officer, the D.A. Report, & Rape Kit Report, & phyical Evidence Report that clearly showed I was innocent & some Correctional Officers had a change of heart. But are afraid to assist me in any kind of help.

(Id.) Plaintiff additionally claims that Correctional Officers attempted to pay other inmates, including the man who actually committed the crimes of which Plaintiff is accused, $40.00

-3-

in canteen purchases to hurt him so that they could murder him in the ambulance on the way to the hospital. He does not directly link Dosier to that particular plot.

It appears likely that Plaintiff is delusional. He alleges three separate murder plots involving a number of different people, none of whom appear to have any strong or rational motive to do him harm. Yet, despite the wide-ranging nature of the alleged conspiracy, Plaintiff has not been harmed and does not even allege that there has been an actual attempt to harm him. More importantly for the purposes of this Recommendation, Plaintiff's claims are all conclusory as to Dosier. Plaintiff does not explain how he knows that Dosier is involved in the alleged plots or how he knows that the alleged plots exist. He states only that he "heard a message" and that "someone called to the Jail" as to two of the four alleged murder plots. For the others there is no explanation credible or otherwise. As for Plaintiff's allegation that Dosier is continuing his trial for no reason, this too is merely a conclusory statement made without sufficient supporting facts. Overall, he has not stated a sufficient claim for relief as to Dosier.

In addition to there being significant problems with Plaintiff's allegations against the Defendants, his request for relief is also not proper in large part. Plaintiff first asks for damages for being wrongfully incarcerated. If Plaintiff can state and prove a valid claim, this could be a proper form of relief. However, he also seeks an apology, a letter to his former employer stating that all charges were dropped, his release from custody, to have "the Randolph County Judicial System to leave [him] alone," for all "sexual charges" to be removed from his record, and "safe passage out of Randolph County." (Id., § VI.) Such

-4-

Case 1:12-cv-01176-TDS-LPA   Document 3   Filed 11/13/12   Page 4 of 6

measures as letters of apology or to employers, orders to court systems to "leave a person alone," and safe passage out of a county are not appropriate requests for relief. As for Plaintiff's release from custody, that would involve having this Court intervene in a state court criminal action, which is ordinarily not appropriate. Also, any challenge to Plaintiff's custody would have to be pursued through a writ of habeas corpus, not an action under § 1983. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004). If Plaintiff refiles his Complaint, he must request proper relief.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: November 13, 2012